UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

September 25, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *Brian T. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
      Civil No. 24-1118-CDA

Dear Counsel:

On April 17, 2024, Plaintiff Brian T. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2025). I have considered the record in this case (ECF 9) and the parties' briefs (ECFs 12, 14). I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REMAND and REVERSE the Commissioner's decision. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on March 27, 2021, alleging a disability onset date of August 6, 2016. Tr. 257-65. Plaintiff's claims were denied initially and on reconsideration. Tr. 132-36, 144-46. An Administrative Law Judge ("ALJ") held hearings on December 7, 2022 and July 12, 2023. Tr. 33-83. Following the hearings, on August 10, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 14-32. On March 28, 2024, the Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Martin O'Malley, the Acting Commissioner of Social Security, on April 17, 2024. ECF 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Brian T. v. Bisignano*
Civil No. 24-1118-CDA
September 25, 2025
Page 2

## II.     THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

At step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since March 27, 2021, the application date." Tr. 19. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "obesity, degenerative disc disease of the lumbar spine, and right foot calcaneal spurs and swelling." *Id.* The ALJ also determined that Plaintiff suffered from the non-severe impairments of bone lesions and fibrodysplasia. *Id.* At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 C.F.R. 416.967(b) except [Plaintiff] can lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently. [Plaintiff] can sit for 6 hours in an 8-hour workday. He can stand and walk for 6 hours in an 8-hour workday. [Plaintiff] can only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. [Plaintiff] can never climb ropes, ladders, or scaffolds. He can only occasionally be exposed to moving mechanical parts and unprotected heights, vibration.

*Id.* at 21. The ALJ determined that Plaintiff "is capable of performing past relevant work" as a Coding Specialist (DOT[3] #079.262-014) and Security Guard (DOT #372.667-034). *Id.* at 25. Therefore, the ALJ concluded that Plaintiff was not disabled since March 27, 2021. *Id.* at 26.

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Brian T. v. Bisignano*
Civil No. 24-1118-CDA
September 25, 2025
Page 3

### III.    LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . [and] somewhat less than a preponderance." *Id.*  In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.    ANALYSIS

Plaintiff argues that the RFC is not supported by substantial evidence because the ALJ failed to properly evaluate the medical opinions from Dr. S. Rudin and Dr. E. Harris. ECF 12, at 8-10. Plaintiff further contends that the RFC is not supported by substantial evidence because the ALJ failed to (i) sufficiently consider Plaintiff's obesity; (ii) build an accurate and logical bridge between the evidence and RFC; and (iii) adequately analyze Plaintiff's subjective complaints. *Id.* at 5-8, 10-19. Defendant counters that the RFC is supported by substantial evidence because the ALJ conducted a thorough review of the record, properly evaluated the medical opinions, and adequately analyzed Plaintiff's subjective complaints. ECF 14, at 5-18.

Remand is warranted for several reasons. First, Plaintiff is correct that the ALJ failed to build an accurate and logical bridge between the evidence and the RFC. A claimant's RFC represents "the most [they] can still do despite [their] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a). As noted in *Dowling v. Comm'r of Soc. Sec. Admin.*, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it." 986 F.3d 377, 387 (4th Cir. 2021) (alteration in original) (citation omitted). Thus, an ALJ must identify evidence that supports their conclusions and "build an accurate and logical bridge" from that evidence to their conclusions. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (citation omitted). The RFC here includes seven conclusions, finding that Plaintiff can:

> (1) perform light work as defined in 20 C.F.R. § 416.967(b);
>
> (2) lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently;
>
> (3) sit for 6 hours in an 8-hour workday;
>
> (4) stand and walk for 6 hours in an 8-hour workday;

Brian T. v. Bisignano
Civil No. 24-1118-CDA
September 25, 2025
Page 4

> (5) only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl;
>
> (6) never climb ropes, ladders, or scaffolds; and
>
> (7) only occasionally be exposed to moving mechanical parts and unprotected heights, vibration.

Tr. 21 (cleaned up). At no point in the RFC discussion of Plaintiff's medical history, including relevant medical records, subjective testimony, and medical opinions, does the ALJ provide a narrative discussion describing the evidence that supports the above seven conclusions. The ALJ provided a laundry list of what evidence was in the record without differentiating and explaining which evidence supported their conclusions *Id.* at 22-25. Summaries of an administrative record that, like the one here, fail to both identify the evidence supporting the RFC and build an accurate and logical bridge from that evidence to conclusions in the RFC leave the Court unable to conduct a meaningful review of the ALJ's decision. *Susan T. v. Soc. Sec. Admin.*, No. 17-0026, 2018 WL 4655753, at *14 (W.D. Va. Sept. 27, 2018); *Hassell v. Berryhill*, No. 16-52-D, 2017 WL 3707574, at *5 n.5 (E.D.N.C. Aug. 9, 2017).

The RFC does, however, incorporate limitations contained in medical opinions that the ALJ found persuasive. *See* Tr. 25; *cf. Sizemore v. Berryhill,* 878 F.3d 72, 81 (4th Cir. 2017) (affirming the ALJ's decision where the ALJ assigned persuasive value to a medical opinion that "provide[d] substantial support for" the RFC provisions). The ALJ identified a shared opinion of Drs. Rudin and Harris regarding a lack of mental limitations and ability to "work at a light exertional level with postural movements and a need to avoid hazards," the ALJ's conclusion that these opinions were "consistent with treating source objective evidence," and physical and mental examination results. Tr. 25. But this does not cure the problem.

The ALJ failed to address inconsistencies between Dr. Rudin and Dr. Harris's opinions. For example, Dr. Rudin opined that Plaintiff could occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, push and/or pull unlimited weight, stand and/or walk for 2 hours, and sit for 6 hours, while Dr. Harris concluded that Plaintiff could stand and/or walk for 6 hours. *Id.* at 121, 128. Dr. Rudin reported that Plaintiff could occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl and never climb ladders/ropes/scaffolds, while Dr. Harris observed that Plaintiff could occasionally climb ladders/ropes/scaffolds. *Id.* at 122, 129. Dr. Rudin recommended that Plaintiff avoid concentrated exposure to hazards (machinery, heights, etc.), while Dr. Harris found that Plaintiff did not have any environmental limitations. *Id.* Finally, Dr. Rudin opined that Plaintiff could perform sedentary work, while Dr. Harris said light work. *Id.* at 123, 129. An ALJ cannot, at the same time, find that persuasive opinions are consistent with each other but fail to appreciate and grapple with their differences. *See Ingram v. Berryhill*, No. 17-135, 2017 WL 6501927, at *5-6 (M.D.N.C. Dec. 19, 2017) (remanding where the ALJ found as consistent differing persuasive opinions but failed to address their inconsistencies).

In the Court's view, this is one of numerous instances where "the medical sources arguably point in different directions." *See Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596,

605 (4th Cir. 2025). The RFC provided here "clearly occupies a middle ground between the limitations opined by" Dr. Rudin and Dr. Harris. *Brittany A. v. Comm'r of Soc. Sec.*, No. 20-6549, 2022 WL 682671, at *7 (S.D. Ohio Mar. 8, 2022). This is not to say that an ALJ cannot, so to speak, split the difference. Adopting only some aspects of an opinion is not the problem. *Cf. Andre J. v. Dudek*, No. 23-2723-CDA, 2025 WL 722665, at *7 (D. Md. Mar. 6, 2025) ("'[N]o rule or regulation compels an ALJ to incorporate into an RFC every finding made by a medical source simply because the ALJ gives the source's opinion as a whole 'significant' weight.'" (quoting *Wilkinson v. Comm'r of Soc. Sec.*, 558 Fed. App'x 254, 256 (3d Cir. 2014))). The problem arises when, despite finding competing opinions persuasive, the ALJ fails to explain why he accepted some aspects of an opinion while rejecting others. *See Daryl R. v. O'Malley*, No. 23-0059, 2024 WL 3649033, at *4-5 (W.D. Va. Aug. 5, 2024) (remanding where the ALJ failed to explain why she accepted an RFC limitation recommended in one persuasive opinion and rejected an RFC limitation in another persuasive opinion); *Deel v. Kijakazi*, No. 21-0004, 2022 WL 404576, at *4 (W.D. Va. Feb. 9, 2022) (same); *see also Favata v. Kijakazi*, No. 22-0552-PB, 2023 WL 8434457, at *3-6 (D.N.H. Dec. 5, 2023) (same); *Brittany A.*, 2022 WL 682671, at *7 ("[T]he compromise between two persuasive opinions alone does not explain the ALJ's reasoning.").

For example, the ALJ appears to agree with Dr. Harris that Plaintiff could perform light work and stand and/or walk for 6 hours but never explains why he disagrees with Dr. Rudin's limitations to sedentary work and 2 hours. Moreover, the ALJ apparently concurs with Dr. Rudin that Plaintiff could never climb ladders/ropes/scaffolds and had environmental limitations but never explains why he disagrees with Dr. Harris's limitation to occasional climbing and the exclusion of environmental limitations. It is true that ALJs are not required, in every circumstance, "to explain in further detail why such additional limitations were not included in Plaintiff's RFC." *Cramer v. Comm'r of Soc. Sec. Admin.*, No. 22-0191-WCM, 2023 WL 5674122, at *3 (W.D.N.C. Sept. 1, 2013) (first citing *Chambless v. Saul*, No. 19-0322-MR-WCM, 2020 WL 5577883, at *4 (W.D.N.C. Sept. 17, 2020); and then citing *Angela U. v. Kijakazi*, No. 22-34, 2022 WL 3207455, at *9 (E.D. Va. July 19, 2022)). However, "the ALJ's decision must still make clear to the reviewing court which opinions the ALJ adopted, which opinions he or she rejected, and the reasons therefor." *Ingram*, 2017 WL 6501927, at *7 (citing SSR 96-8p, 1996 WL 3174184, at *7 ("If the RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted.") (emphasis in original)). Specifically, "when an ALJ does not include certain limitations in the RFC from a source given significant weight, the reviewing court must remain able to ascertain from the ALJ's decision why the ALJ omitted those limitations." *Jackson v. Kijakazi*, No. 20-124, 2021 WL 3861373, at *7 (M.D.N.C. Aug. 30, 2021) (emphasis in original and citations omitted). Because the ALJ failed "to offer any explanation as to how he reconciled the differences" between Dr. Rudin and Dr. Harris's opinions "in formulating the RFC," *id.* at *6 (emphasis in original), the Court finds remand necessary.

The ALJ also failed to consider the factors in 20 C.F.R. § 416.920c(c)(3)-(5). *See, e.g., Daryl R.*, 2024 WL 3649033, at *5. An ALJ must consider these factors when he finds to be persuasive two or more differing opinions on the same issue. *See* 20 C.F.R. § 416.920c(b)(3) (requiring application "[w]hen [an ALJ finds] that two or more medical opinions . . . about the

*Brian T. v. Bisignano*
Civil No. 24-1118-CDA
September 25, 2025
Page 6

same issue are both equally well-supported and consistent with the record but are not exactly the same[.]"). Here, the ALJ found both opinions persuasive, yet the opinions recommended different limitations. Tr. 25; *compare* Tr. 121-23*, with* Tr. 128-30. As a result, the ALJ had to consider each doctor's relationship with Plaintiff, their specializations, and other factors, such as their familiarity with other evidence in the case or understanding of SSA policies and evidentiary requirements. 20 C.F.R. § 416.920c(c)(3)-(5). The ALJ's opinion is devoid of such analysis, mandating remand.

\*   \*   \*

In remanding for further analysis, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V.  CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED and REMANDED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge